IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20534
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TERESA RODRIGUEZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-94-216-1
- - - - - - - - - -
July 15, 1996

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Teresa Rodriguez appeals her conviction of mail and wire fraud and money-laundering. She contends that the district court erred by rejecting her instructions regarding usury; that her conviction violated double jeopardy because of the civil forfeitures of her ranch and her residence; and that the district court erred by basing her offense level on $65 million rather than $12 million.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The district court's instruction that a scheme to defraud must be reasonably calculated to deceive persons of ordinary prudence and comprehension adequately addressed Rodriguez's theory that her scheme could not have deceived a reasonable person. The district court's instruction also reflected a correct statement of the law. *See United States v. Finney*, 714 F.2d 420, 423 (5th Cir. 1983). The denial of Rodriguez's proposed instructions was not an abuse of discretion. *See United States v. Pettigrew*, 77 F.3d 1500, 1510 (5th Cir. 1996).

Rodriguez has failed to brief whether the district court erred by denying her double jeopardy motion relative to the ranch property because the bankruptcy trustee was not an agent of the sovereign. Nor has she briefed whether the district court erred by denying her motion relative to her residence because the forfeiture order was nonfinal. She has abandoned any such contentions, *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); because she has failed to brief these dispositive grounds for the denial of her motions, we need not consider the double jeopardy contentions she does raise.

Finally, the district court did not err by applying the money-laundering guideline to determine her base offense level. *See United States v. Leonard*, 61 F.3d 1181, 1185 (5th Cir. 1995).

AFFIRMED.